IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

No. 2:07-M-1129

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) ORDER |
| | ) |
| MICHALE R. WORTHINGTON, | ) |
| | ) |
| Defendant. | ) |

This case was tried before the undersigned as a criminal trial on November 5, 2007, at the regular criminal term of United States District Court at Elizabeth City, North Carolina. Defendant, a resident of Maryland, was charged with unauthorized camping on the Cape Hatteras National Seashore ("CAHA").

Early in the morning on Saturday, September 1, 2007, a United States Park Ranger came across Defendant's pick-up truck parked on the beach at CAHA. The vehicle was parked roughly 150 feet beyond Ramp Twenty-Seven, which is located off Highway 12 between Salvo and Avon, North Carolina. The Ranger found Defendant and his wife in the driver and passenger seats, respectively. Their daughter was asleep in the extended cab, while their granddaughter was asleep in the bed of the pick-up truck. Both the granddaughter and daughter were covered in blankets and Defendant had a pillow behind his head. The Ranger issued a ticket to the Defendant for unauthorized camping at 7:45 a.m.

At trial, there was conflicting testimony regarding the time at which Defendant and his family arrived on the beach. The Park Ranger testified that Defendant told him they had arrived

1

at 3:00 a.m. and were waiting for their cottage to be cleaned, however, Defendant claims that it was his wife who provided this information. In contrast, Defendant testified that they arrived around 5:15 a.m. He claimed that they arrived in order to see the sunrise that was expected at roughly 6:00 a.m. Defendant did not call any additional witnesses.

Federal regulations allow the Park Service to limit camping to designated areas and prohibit overnight camping. *See* 36 C.F.R. § 2.10. The Superintendent of CAHA has issued a "Compendium of designated closures, permit requirements and other restrictions" that clearly indicates that camping on the beach is not permitted. CAHA Compendium § 2.10(a) (2006) http://www.nps.gov/caha/parkmgmt/upload/CAHA%20Compendium%202006.pdf. The Compendium also explains that a determination of camping can be made from the "preparing [of] a sleeping bag or other bedding material for use, parking of a motor vehicle, motor home or trailer, or mooring of a vessel for the apparent purpose of overnight occupancy." Compendium at 10. Further, "[a]ny parked motor vehicle, motor home, trailer, or moored vessel in the park with one or more occupants not actively engaged in overnight recreational activity will be considered engaged in overnight occupancy." *Id.*

The prohibition against camping on the beach is clearly posted at Ramp Twenty-Seven. Defendant and his family were found parked on the beach early in the morning with various sleeping materials. Although Defendant asserts that he and his family were there to watch the sunrise, they were ticketed nearly two hours after the expected sunrise with family members still asleep in the vehicle. In addition, the Ranger was told that they had arrived at three o'clock that morning. The Ranger testified that it appeared the occupants of the vehicle had spent the night asleep on the beach. As the Compendium makes clear, tents or recreation vehicles are not

necessary for a finding of unauthorized camping; sleeping in a parked vehicle overnight is sufficient.

Furthermore, CAHA's failure to implement regulations governing the use of off-road vehicles (ORV) remains. Federal regulations mandate that "[o]perating a motor vehicle is prohibited except on park roads, in parking areas and on routes and areas designated for off-road motor vehicle use." 36 C.F.R. § 4.10(a). These designated routes must comply with *Executive Order 11,644*, which requires the Park Service to develop regulations for off-road vehicle use on CAHA. *Id.* § 4.10(b); *see* Exec. Order No. 11, 644, 37 Fed. Reg. 2877 (Feb. 9, 1972), *as amended by* Exec. Order 11,989, 42 Fed. Reg. 26,959 (May 24, 1977). The Park Service, however, has neglected to develop such regulations and thus, operating a motor vehicle in these areas is prohibited. *See United States v. Matei*, No. 2:07-M-1075 (E.D.N.C. July 17, 2007).

Accordingly, Defendant is guilty of unauthorized camping. He is hereby placed on probation for two years and is not to enter the national seashores or other park service property during this period.

SO ORDERED, this __2__ day of January 2008.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE